UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRE BARRY,

    Plaintiff,

v.                                                 Case No.: 2:19-cv-00510-JLB-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This cause comes before the Court upon review of the Report and Recommendation ("R&R") issued by the Magistrate Judge on September 28, 2020 (Doc. 23), Plaintiff Andre Barry's objections to the R&R filed on October 13, 2020, (Doc. 24), and the Commissioner of Social Security's ("the Commissioner") response to the objections filed on October 22, 2020, (Doc. 25).

### BACKGROUND

Mr. Barry filed a complaint on July 23, 2019 seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's decision denying his claim for Social Security disability benefits. (Doc. 1.) The Magistrate Judge recommends affirming the Commissioner's decision. (Doc. 23.) Among the arguments raised by Mr. Barry in the joint memorandum and in his objections to the R&R is a challenge under the Appointments Clause of the U.S. Constitution: whether the Commissioner's adverse decision must be reversed because the presiding Administrative Law Judge ("ALJ")

was improperly appointed and therefore lacked the legal authority to hear the case. The Commissioner argued in response that Mr. Barry cannot raise an Appointments Clause challenge in federal court without first having exhausted that claim before the agency. (Doc. 18, 30–43.)

Appellate courts are split on the administrative exhaustion question. The Magistrate Judge recommends that the Court adopt the approach taken by the Eighth and Tenth Circuits, both of which rejected Appointments Clause challenges by social security claimants because the claimants failed to raise the issue before their ALJs and thus failed to exhaust their administrative remedies. Mr. Barry, on the other hand, urges the Court to adopt the view of the Third and Sixth Circuits, which have held that administrative exhaustion before the ALJ is not required for an Appointments Clause challenge in the social security context.

The Commissioner helpfully notes that the administrative exhaustion question is currently pending before the Eleventh Circuit. (Doc. 18, 39 n.22.) Although the Commissioner did not identify the appeals in question, the Court believes the Commissioner is referencing <u>Perez v. Commissioner of Social Security</u>, Appeal No. 19-11660 (filed Apr. 29, 2019), and <u>Lopez v. Acting Commissioner of the Social Security Administration</u>, Appeal No. 19-1174 (filed May 3, 2019). Despite these pending cases, neither party has requested a stay.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." Landis v. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). In Miccosukee Tribe of Indians v. S. Fla. Water, 559 F.3d 1191, 1196 (11th Cir. 2009), the Eleventh Circuit addressed the propriety of a federal district court's discretionary stay where the stay was entered "pending the outcome of other litigation in federal district court—the appeal of a lawsuit filed in the same district court." The court noted that "[t]he Southern District of Florida simply had two lawsuits raising some potentially dispositive issues common to both. After one judge entered judgment in the case before her, the second judge stayed her case to await the outcome of an appeal of that final judgment." Id. The Eleventh Circuit stated that "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." Id. at 1198. While a stay of indefinite duration might constitute an abuse of discretion, a "delay not immoderate in extent and not oppressive in its consequences" is justified "if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256.

In an effort to preserve judicial resources and to avoid inconsistent results, the Court proposes a stay of the case until such time as the Eleventh Circuit has ruled on the pending appeals in Perez, Lopez, or any other case raising the administrative exhaustion issue before the court in those two appeals. The Court notes that Perez and Lopez have already been fully briefed and are currently slated for oral argument before the Eleventh Circuit next week. Given the impact the

3

Eleventh Circuit's ruling in those appeals is likely to have on this case, the Court is persuaded that the prudent and most efficient course would be to enter a temporary stay of this action. See, e.g., Ring v. City of Gulfport, No. 8:20-CV-593-T-33CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020); Glover v. LM Gen. Ins. Co., No. 19-21900-CIV, 2019 WL 7945690 (S.D. Fla. Dec. 4, 2019).

Accordingly, it is **ORDERED** that:

1. The parties shall submit a statement on or before October 30, 2020 setting forth their position on whether Mr. Barry's objections to the R&R (Doc. 24) should be held in abeyance and the case stayed pending the Eleventh Circuit's disposition of the appeals in Perez and Lopez.

2. Failure to comply with this order may result in a stay being entered without further notice.

**ORDERED** in Fort Myers, Florida, on October 23, 2020.

*/s/ John L. Badalamenti*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

4