UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRE BARRY,

     Plaintiff,

v.                                                    Case No. 2:19-cv-510-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

---

## REPORT AND RECOMMENDATION

In this social security appeal, plaintiff Andre Barry requests a fee and cost award pursuant to the Equal Access to Justice Act. (Doc. 38). The Commissioner objects to the relief sought. (Doc. 39). For the reasons below, the motion should be denied.

## I.    Procedural Background

One of the six issues on appeal was whether remand was required because the administrative law judge ("ALJ") was not properly appointed under the Appointments Clause[1] and, therefore, lacked legal authority to hear the case. (Doc. 18, pp. 30-34). The Commissioner argued in response that Barry forfeited this claim by failing to raise it before the agency. (Doc. 18, pp. 34-43).

---

[1] Under the Appointments Clause, "inferior officers" may be appointed only by the President, courts of law, or heads of a department. U.S. Const. art. II, § 2, cl. 2.

On September 28, 2020, the court entered a report recommending the decision of the Commissioner be affirmed. (Doc. 23). Barry objected to the report solely on the Appointments Clause issue. (Doc. 24). The court then ordered the parties to submit a statement setting forth their position on whether Barry's objection to the report should be held in abeyance and the case stayed pending the Eleventh Circuit's disposition of the administrative-exhaustion question in *Perez v. Comm'r of Soc. Sec'y*, Appeal No. 19-11660 (filed Apr. 29, 2019), and *Lopez v. Acting Comm'r of Soc. Sec'y Admin.*, Appeal No. 19-1174 (filed May 3, 2019). (Doc. 26). The Commissioner agreed that a stay pending the outcome of the Eleventh Circuit cases would be in the interests of judicial economy (Doc. 27), and the court stayed the case (Doc. 28).

The Eleventh Circuit held *Perez* and *Lopez* in abeyance pending the Supreme Court's decision in the consolidated cases of *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, 2020 WL 6551772 (U.S. Nov. 9, 2020) (No. 20-105) and *Carr v. Saul*, 961 F.3d 1267 (10th Cir. 2020), *cert. granted*, 2020 WL 6551771 (U.S. Nov. 9, 2020) (No. 19-1442). (Docs. 29, 30, 32, 33). After the Supreme Court decided *Carr v. Saul*, 141 S. Ct. 1352 (2021) (holding lower court erred in imposing an issue-exhaustion requirement on petitioners' Appointments Clause claims), the Commissioner moved to remand the case as follows: "On remand, the agency will assign a different administrative law judge (ALJ), provide Plaintiff with the

opportunity for a hearing before the newly assigned ALJ to further evaluate Plaintiff's claims, and issue a new decision." (Doc. 34, p. 2). The court granted the unopposed motion to remand under sentence four of section 405(g) and entered judgment. (Docs. 35, 36). Now, Barry requests an EAJA fee award of $9,754.65 and $400.00 in costs. (Doc. 38, pp. 3, 7-8).

## II.    Law and Discussion

For Barry to receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A) & (d)(2)(B); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The issue here is whether the position of the United States was substantially justified, and the Commissioner bears the burden of showing as much. *Stratton v. Bowen*, 827 F.2d 1447, 1449 (11th Cir. 1987).

The Supreme Court has defined "substantially justified" as follows:

[T]he term "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other

> Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."

*Jean*, 496 U.S. 154, 158 n.6 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988) (citations omitted)).

When assessing whether the government's position was substantially justified, courts consider the government's pre-litigation and litigation positions. 28 U.S.C. § 2412(d)(2)(D) (Under EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). Nevertheless, "only one threshold determination for the entire civil action is to be made." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990). A position can be justified even though it is not correct. *Pierce*, 487 U.S. at 566 n.2.

Barry attacks the Commissioner's conduct as endorsing action it knew to be unconstitutional. (Doc. 44, pp. 6-7). He claims the Commissioner should have heeded a warning from dicta in a dissenting Tenth Circuit opinion. *Bandimere v. Securities & Exchange Commission*, 844 F.3d 1168 (10th Cir. 2016) (McKay, J., dissenting). In *Bandimere*, Judge McKay speculated that the majority's ruling that the ALJs of the Securities and Exchange Commission ("SEC") were not properly appointed would similarly apply to ALJs from the Social Security Administration ("SSA"). *Id.* at 1199-1200. But the concurring opinion pointed out errors in the

4

dissent's speculation about facts not before that court. *Id.* at 1190 (Briscoe, J., concurring). Barry's attempt to claim this dissenting opinion's dicta as a valid warning to the administration that should have prompted reform across the country does not hold water. *Bandimere* did not concern the SSA, and a dissenting opinion's speculation about facts beyond the case at hand (which at least one other Circuit judge took issue with) does not inform how the administration should conduct itself throughout the country.

Only on June 21, 2018, did the Supreme Court in *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018) hold that SEC ALJs were officers of the United States rather than mere employees. While the Commission itself was a department head, it left the task of appointing its ALJs to SEC staff members. *Id.* at 2050. As such, the SEC ALJs were improperly appointed under the Appointments Clause. The Court also observed that the petitioner made a "timely challenge" to the constitutional validity of the ALJ's appointment and was therefore entitled to relief. *Id.* at 2055.

*Lucia* did not address the constitutional status of SSA ALJs. However, the decision had far-reaching implications. On July 10, 2018, then-President Donald Trump issued Executive Order 13,843, reclassifying all ALJs as members of the excepted service in light of *Lucia*. *See* Excepting Administrative Law Judges from the Competitive Service, 83 Fed. Reg. 32,755, 2018 WL 3388912 (July 10, 2018). The Executive Order concluded that "at least some—and perhaps all—ALJs are

'Officers of the United States' and thus subject to the Constitution's Appointments Clause." *Id.*

Shortly thereafter, the Solicitor General issued an internal, confidential memorandum stating that *Lucia*'s reasoning may apply broadly to other agencies.[2] For example, it advised agency heads to ratify and approve the appointments of all ALJs. Notably, it also advised agencies to argue that any Appointments Clause challenge that a challenger failed to timely raise and preserve had been forfeited. Memorandum from the Solicitor General, pp. 2, 7.

In response to these recent developments and guidance, the Acting Social Security Commissioner issued an emergency message on July 16, 2018, stating that all SSA ALJs were reappointed by her. *Wooden v. Comm'r of Soc. Sec.*, No. 19-cv-06710(SN), 2021 WL 533508, *2 n.1 (S.D.N.Y. Feb. 12, 2021), *appeal withdrawn* (June 23, 2021); *Carr*, 141 S. Ct. at 1362 (citing SSA, EM–18003 REV: Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—UPDATE, pp. 1-2 (June 25, 2018)).[3]

---

[2] Memorandum from the Solicitor General, U.S. Dep't of Justice, to Agency Gen. Counsels, Guidance on Administrative Law Judges After *Lucia v. SEC* (S. Ct.) (July 2018), available at https://static.reuters.com/resources/media/editorial/20180723/ALJ--SGMEMO.pdf. The confidential memorandum was leaked to the press on July 23, 2018. *See* Alison Frankel, *In Confidential Memo to Agency GCs, DOJ Signals "Aggressive" Stand on Firing ALJs*, REUTERS (July 23, 2018), https://reut.rs/2LwpCnP.

[3] The latest version of the emergency message reiterates that: "On July 16, 2018, the Acting Commissioner ratified the appointment of ALJs and AAJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims." SSA, EM–

On March 15, 2019, SSA issued Social Security Ruling 19-1p for further guidance. *See* SSR 19-1p, 2019 WL 1324866 (Mar. 15, 2019) (entitled "Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at the Appeals Council."). SSR 19-1p details how the Appeals Council should adjudicate cases **in which the claimant had timely challenged** the validity of an ALJ's appointment in light of *Lucia*. SSR 19-1p explains that the administration would process "**timely** administrative challenge[s] to the ALJ's authority based on the Appointments Clause" in the manner prescribed. 2019 WL 1324866 at *3 (emphasis added).

There is no dispute that Barry did not raise an Appointments Clause challenge at the agency level. Nothing required the Commissioner, through either an ALJ or the Appeals Council, to *sua sponte* raise an Appointments Clause issue that was not raised by the claimant. (*See* Doc. 39-1 (*Benjamin v. Comm'r of Soc. Sec.*, No. 19-23691-CIV-ALTONAGA/Goodman, Doc. 45, Order, at 6 (S.D. Fla. Aug. 2, 2021) (noting "the dearth of precedent governing the Commission's obligation to *sua sponte* raise the Appointments Clause issue"))). And the Commissioner's forfeiture position was taken in accordance with guidance from the Solicitor General.

---

18003 REV 2: Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—UPDATE § B (August 6, 2018), available at https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM.

The Commissioner's pre-litigation and litigation conduct was substantially justified given the then-existing guidance and case law. Indeed, the Supreme Court's decision in *Carr* resolved a circuit split, and until *Carr* was decided the vast majority of district courts had agreed with the Commissioner's position. Thus, the Commissioner's position was substantially justified for EAJA purposes. *See Leone v. Comm'r of Soc. Sec.*, No. 2:19-cv-245-JES-NPM, 2021 WL 3732914 (M.D. Fla. Aug. 24, 2021) (denying EAJA fees and finding Commissioner's position on Appointments Clause issue substantially justified); (Doc. 39-2) (*Snaith v. Comm'r of Soc. Sec.*, No. 4:19-cv-01830-JHE, Doc. 28, pp. 5-8 (N.D. Ala. Sept. 9, 2021) (same) (collecting cases)); (Doc. 39-1 (*Benjamin v. Comm'r of Soc. Sec.*, No. 19-23691-CIV-ALTONAGA/Goodman, Doc. 45 (S.D. Fla. Aug. 2, 2021) (same)); *Flynn v. Saul*, No. CV 19-0058, 2021 WL 2577146 (E.D. Pa. June 22, 2021) (same); *Rich v. Comm'r of Soc. Sec. Admin.*, 477 F. Supp. 3d 388, 398-399 (E.D. Pa. 2020) (same).

## III.   Conclusion

Because the Commissioner's position was substantially justified, the court should **DENY** the motion for EAJA fees (Doc. 38). The request for oral argument (Doc. 44, p. 10) should likewise be **DENIED**.

Respectfully recommended on July 22, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**